### E. H. ROOD v. GEORGE GILBERT.*

*Bills and Notes. Evidence.*

In assumpsit by the holder of a negotiable promissory note against the maker, it was *held,* that on the evidence, *q. v.,* it did not so conclusively appear that the holder took the note in good faith and without notice of defence thereto that defendant had no right to go to the jury on that question.

GENERAL ASSUMPSIT to recover the amount of a promissory note, appealed from the judgment of a justice of the peace. Plea, general issue, and notice of special matter tending to show that the note was invalid in the hands of the payee. The notice is fully stated in the opinion of the court. Trial by jury. April Term, 1877. ROYCE, J., presiding.

The plaintiff introduced in evidence a joint and several promissory note for $40, payable to George M. Kidder, or bearer, two years after date, with interest. The note was dated July 21, 1874, and was signed by the defendant and Mary Dwyer.

The defendant then offered evidence to prove the facts alleged in his notice, and that he had previously recovered judgment in a suit brought by Kidder on a one year's note of the same amount, the same date, the same makers, the same payee, and given at the same time with the one in suit. But the court " suggested that in order to lay the foundation for the testimony offered, and to determine whether it was admissible, counsel had better first introduce evidence in relation to the consideration paid by the plaintiff for the note, and the time it came into his hands." The defendant thereupon introduced a witness who testified that the plaintiff, who was a son-in-law of Kidder, and lived in the same neighborhood, testified on the justice trial, that he was at Kidder's house on July 17, 1876 ; that Kidder told him he wanted " to pay him a debt he was owing him with the note," telling him the note was good ; that the plaintiff then took the note, agreeing to

---

*Heard at the January Term, 1878.

pay full value therefor, credited Kidder $44.80, and sent the note by Kidder to an attorney for collection ; and that Kidder was owing him for a mowing machine that he had previously sold him.

The court thereupon ruled that the evidence introduced was insufficient to authorize the introduction of the evidence offered, and directed a verdict for the plaintiff; to which the defendant excepted.

*H. S. Royce* and *L. E. Pelton*, for the defendant.

Whether the note was purchased in good faith, whether it was agreed that it should be applied in payment of a previously existing debt, and whether it was so applied, were questions for the jury.

It is not questioned that a note taken in payment or part payment of an existing debt is taken " for a valuable consideration." But the authorities are agreed that it must not be left in doubt whether the note is so delivered and received. The holding that the evidence was conclusive that the note was received in payment of a debt, was error. Chit. Bills, 256, note ; *Youngs* v. *Lee*, 12 N. Y. 551 ; *Stalker* v. *McDonald*, 6 Hill, 93 ; *Clarke* v. *Rochester*, 24 Barb. 446, 504 ; *Lawrence* v. *Clark*, 36 N. Y. 128.

The evidence offered by the defendant should have been admitted.

*C. G. Austin*, for the plaintiff.

The court did not err in directing a verdict for the plaintiff. The defendant received the suggestion of the court without objection. The court was the sole judge as to whether the evidence introduced was sufficient to warrant the admission of the evidence offered ; and unless there was some error of law in the ruling on that question, the ruling is not subject to revision. The defendant did not request the court to submit the evidence introduced to the jury, but merely excepted to the ruling on the evidence produced.

The evidence showed that the plaintiff took the note while current, for value, and without notice. *Russell* v. *Splater*, 47 Vt. 273.

47

The opinion of the court was delivered by

Ross, J. This is an action of assumpsit upon a promissory note given by the defendant to George M. Kidder. The defendant plead *non assumpsit*, and gave notice that he should rely upon in defense, that the note and another note were given for a mowing machine and horse rake which he purchased of Kidder, with the right to return them if they did not work as represented ; that the mowing machine did not work as represented ; that he returned it and the horse rake to said Kidder, who accepted the same, but refused to give up the notes ; that Kidder persuaded him to take back the horse rake at the price of fifteen dollars ; that subsequently he tendered Kidder seventeen dollars in full satisfaction of all claims he had growing out of the purchase of the mowing machine and horse-rake and the two notes, and that Kidder received said sum in full satisfaction of the same ; that all this occurred before the purchase of the note by the plaintiff; also that the plaintiff was collecting the note for the benefit of Kidder. If these facts should be established by the evidence, they would be a defense to the note in the hands of Kidder.

On the trial in the County Court, the plaintiff put in evidence the note, and rested. The defendant then offered to prove the facts alleged in his notice, and also that Kidder sued the other note given for said property, and that the defendant recovered judgment for his costs in that suit. The County Court " suggested that in order to lay the foundation for the testimony offered, and to determine whether it was admissible, counsel had better first introduce evidence in relation to the consideration paid by the plaintiff for the note, and the time when it came into his hands." The counsel for the defendant yielded to this suggestion, and showed what the plaintiff testified to before the justice, whereupon the court ruled that the testimony so introduced by the defendant was insufficient to authorize the introduction of the testimony offered, and excluded the same, and ordered a verdict for the plaintiff. To this ruling and decision the defendant excepted. When the plaintiff rested, the defendant had the right to put in evidence to establish the facts set forth in the notice, and, if it tended to establish those facts, he had the right to go to the

jury and to a verdict, if they were found established, unless the plaintiff should then establish that he took the note while current, for a valuable consideration, without notice of the defense that existed to it in Kidder's hands. *Sistermans* v. *Field*, 9 Gray, 331, and case there cited. Hence, if the defendant had declined to have yielded to the suggestion of the court he would have had the right to have introduced evidence to establish the facts stated in the notice, and it would have been error for the court to have excluded the same. If it should be held that by yielding to this suggestion, he waived his right for the time being to introduce such testimony, and took upon himself a burden which belonged to the plaintiff—which is questionable—did the evidence given by him in regard to what the plaintiff testified to at the trial before the justice of the peace so conclusively establish that the plaintiff was a *bona-fide* holder of the note that the defendant had no right to go to the jury on that question? We think it did not, and that the court erred in taking the case from the jury. The fact that the plaintiff was the son-in-law of Kidder, lived in the same neighborhood with Kidder, and where the litigation in regard to the other note was had; that he took it only three days before it was due; that he did not state the amount of the indebtedness from Kidder to him on which he took the note; and that he sent the note by Kidder to the attorney to have suit brought—all tend to cast suspicion on the *bona fides* of the transaction between himself and Kidder. It is true, in that testimony the plaintiff swore that Kidder told him, when he took the note, that it was good, but he does not deny but that he had been informed from other sources that the note was invalid. If the defendant had shown, as he of-fered to do, that the note was invalid in the hands of Kidder, the burden was then cast on the plaintiff, not only to show that Kidder told him at the time he took it that the note was good, but also to negative that he had any knowledge of the invalidity of the note while in Kidder's hands, and that he was not put upon inquiry in regard thereto. While it was laudable in the court to attempt to shorten the trial by the suggestion, and equally laudable in the defendant in yielding to the suggestion, we think the testimony given by him while carrying a burden that legally belonged to the

plaintiff, should not for that reason be taken more strongly against him than it would have been if given by the plaintiff himself.

*Judgment reversed, and cause remanded.*